DANIEL McALLISTER *v.* ANN D. McALLISTER.

**Statute — Construction of — Divorce — Alimony.**

Section 6, article 3, chapter 47 (2 Rev. Stat. 21), provides that **pending** an application for a divorce a court may allow the wife maintenance.

**Sufficiency for maintenance.**

By " sufficient " estate of her own, mentioned in the foregoing section, is meant, as we understand it, that unless the wife has an estate of her own, the *profits* of which are sufficient for her comfortable maintenance, that an allowance shall be made out of the estate of the husband to supply the deficiency, or such an amount in view of the value of the husband's estate as shall be deemed equitable. It was never contemplated by the Legislature that no allowance should be made out of the husband's estate if the wife, by using and consuming the *principal* of her own estate, could maintain herself, but the allowance for deficiency from husband's estate must be made on equitable terms.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 29, 1865.

OPINION OF THE COURT BY JUDGE PETERS:

The court being sufficiently advised delivered the following opinion, to-wit:

Regarding all questions relating to the property owned by the parties at the time of, and during the marriage, as having been settled by the previous litigation between them, and having no revisory power over so much of the decree as " divorced them from the bond of matrimony," we will proceed to the consideration of the only questions presented by this appeal, which are whether the allowance to appellee is too great. And whether it should be paid to her in *solid* or in quarterly installments for her support.

Section 6, article 3, chapter 47 (2 Rev. Stat. 21), provides that pending an application for any divorce the court may allow the wife maintenance.

Upon final decree of divorce, from the bond of matrimony, the parties shall be restored to such property, not disposed of, at the commencement of the suit, as either obtained from, or through the other before or during the marriage, in consideration or by

reason thereof; and if the wife have not sufficient estate of her own, she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable.

By " *sufficient* " estate of her own, mentioned in the foregoing section, is meant, as we understand it, that unless the wife has an estate of her own, the profits of which are sufficient for her comfortable maintenance, that an allowance shall be made out of the estate of her husband to supply the deficiency, or such an allowance in view of the value of the husband's estate as shall be deemed equitable. It was not contemplated by the Legislature that no allowance should be made out of the husband's estate, if the wife by using and consuming the principal of her own estate could maintain herself.

It is then the duty of the court, upon decreeing a divorce of the wife from the bond of matrimony, to ascertain what are the annual profits of her estate, and what will be required for her maintenance in a style suitable to her condition in life; and if her profits are insufficient for the purpose, then the husband should be made to supply the whole deficiency or such part thereof as in view of the value of his estate should be equitable, and if by reason of the insufficiency of the husband's estate it would be inequitable to supply the whole deficiency, then the allowances should be graduated according to the means of the husband and his ability to pay.

To secure to her a proper maintenance or a contribution for that purpose out of the husband's estate is the sole object of the enactment, and that must be done on equitable principles, imposing no greater burdens on the husband, or his estate, than may be necessary to accomplish the object; and if upon a view of the situation of the parties, their relations, and the natural obligations either of them may be under to others, it would be deemed more equitable to make an annual allowance to the wife out of the husband's estate, payable quarterly, that mode should be adopted.

And in this case, under all the circumstances, it seems more equitable to allow the wife a certain sum during life for her annual support than to decree to her a sum in gross.

According to the proof $500 *per annum,* paid quarterly by appellant during appellee's life, will be a sufficient allowance out of his estate when added to her income, even if she should realize nothing from the Baltimore property, and the rents of her Madi-

son property should be diminished $100 as some witnesses supposed may be the case.

Wherefore, the judgment is reversed, and the cause remanded, with directions for a decree to be entered up for the quarter yearly allowance to commence under these proceedings when the last installment of the allowance, which appellee is adjudged entitled to in an opinion delivered at the same time of the delivery of this opinion in the case of A. D. McAllister v. D. M. McAllister, was due and collectible, and which will end the allowance to her under the former proceedings.